IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HEATHER RENEE WOODALL,**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**KILO KIJAKAZI,**  )<br>**Acting Commissioner of the**  )<br>**Social Security Administration,**  )<br>)<br>**Defendant.**  ) | Case No. CIV-21-135-JFH-JAR |

**REPORT AND RECOMMENDATION**

Plaintiff Heather Renee Woodall (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only

unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

Claimant was thirty-eight years old at the time of the administrative hearing (Tr. 30). She possesses limited education. (Tr. 30). She has no past relevant work. (Tr. 30). Claimant alleges that she has been unable to work since December 11, 2018, due to severe back and neck pain, fibromyalgia, anxiety, difficulty interacting with others, social isolation, panic attacks, and sleep disturbances. (Tr. 26).

## Procedural History

On December 31, 2018, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant later filed for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, et seq.) on January 9, 2019. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Edward M. Starr ("ALJ") issued an unfavorable decision on December 14, 2020. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts (1) the ALJ committed error in assessing Claimant's RFC by not properly considering opinions of consultative examiner, Dr. Horton, (2) the opinion is flawed because a DDS reviewer likewise overlooked limitations found by Dr. Horton, (3) the ALJ committed error in determining Claimant's RFC, and (4) the ALJ erred in not addressing the inconsistency between Claimant's RFC and the performance of occupations found.

## Consideration of Medical Opinions

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease, fibromyalgia, obesity, and anxiety. (Tr. 23). He determined Claimant could perform light work, except that she can only occasionally climb, balance, crawl, kneel, stoop, and crouch. Claimant is further limited to only simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete. She can also occasionally interact with coworkers but should not interact with the public. (Tr. 26).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of packing-line worker, meat processing/poultry eviscerator, and injection-molding-machine tender. (Tr. 30–

31). As a result, the ALJ concluded Claimant had not been under a disability since December 31, 2018, through the date of the decision. (Tr. 31–32).

Claimant contends that the ALJ did not properly account for Plaintiff's "persistence" problems. Specifically, Claimant points out that although the ALJ found consultative examiner, Dr. Horton's opinion to be generally persuasive, the ALJ did not address Dr. Horton's conclusion that Claimant had persistence problems and requires a lot of encouragement. In addition to Dr. Horton's prognosis of persistence problems, Claimant believes the ALJ erred in failing to consider Dr. Horton's diagnosis of an unspecified personality disorder with cluster B traits. Claimant contends that the limitations in persistence are supported by Dr. Horton's diagnosis that Claimant has an unspecified personality disorder with prominent cluster B traits, which usually indicate dramatic, emotional, or erratic behavior.

For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c.  Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b).  The factors are:  (i)  supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to

support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Generally, the ALJ is not required to explain how the other factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using

6

portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

The ALJ's analysis of Dr. Horton's opinion indicates that he did not fully consider Dr. Horton's medical opinion and treatment notes. (Tr. 29–30). The ALJ states that he is generally persuaded by consultative examiner Dr. Horton's opinion. As for the consistency and supportability factors the ALJ provided the following analysis of Dr. Horton's opinion:

> This opinion is supported by Dr. Horton [sic] mental status examination findings, which were largely normal (10F). Likewise, this opinion is consistent with the objective evidence noting the claimant was alert, oriented, cooperative, friendly, and appropriately groomed, with goal-directed and normal thought processes, adequate concertation and fund of information, and normal memory and judgement.

(Tr. 29–30). Although the ALJ addressed the supportability and consistency factors for Dr. Horton's opinion, he used only evidence which was favorable to his position and blatantly ignored evidence in Dr. Horton's opinion favorable to Claimant.

Dr. Theresa Horton, Ph.D. performed a consultative exam of Claimant on December 12, 2019. Dr. Horton examined Claimant and did find, as the ALJ stated, that Claimant was alert, oriented, cooperative, friendly, and appropriately

groomed, with goal-directed and normal thought processes, adequate concentration and fund of information, and normal memory and judgement. Despite this positive evidence, Dr. Horton also noted in the diagnosis section that Claimant had an unspecified personality disorder with prominent cluster B traits. Further, in Dr. Horton's prognosis of Claimant, she states that Claimant has "problems in the area of persistence and seems to need a lot of encouragement by history." (Tr. 395). Additionally, Dr. Horton opined that Claimant "has very poor skills to cope with stressors and is very easily overwhelmed" although she seems to be beginning to improve those skills. (Tr. 395).

The ALJ in his supportability and consistency analysis of Dr. Horton's opinion only points to evidence that supports his conclusion. He leaves out Dr. Horton's specific opinion that Claimant has persistence problems and an unspecified personality disorder with prominent cluster B traits. By finding Dr. Horton's opinion persuasive, but yet failing to include evidence favorable to Claimant, the ALJ has improperly participated in the picking and choosing of evidence within Dr. Horton's opinion. As such, this Court finds that the ALJ improperly considered the opinion of consultative examiner Dr. Horton. Accordingly, the ALJ on remand should reconsider Dr. Horton's consultative opinion giving full consideration to all evidence in Dr. Horton's report.

### State Agency Opinion

Claimant next argues that State Agency mental reviewing psychologist Stephen Scott erred when he found that Claimant was "able to pace and persist

for 8-hour workdays and 40-hour workweeks." (Tr. 88). This opinion is in direct contradiction with the evidence Dr. Scott reviewed from Dr. Horton's examination of Claimant. In Dr. Scott's summary of evidence reviewed, he summarized Dr. Horton's exam notes including that the defendant was depressed and anxious, was expressive, was oriented with adequate concentration, and had appropriate judgment and fair insight. Dr. Scott did not mention any of Dr. Horton's finding or conclusions. Specifically, he did not include anything about Dr. Horton's conclusion that Claimant had problems with persistence. It is not clear from Dr. Scott's report that he adequately reviewed the evidence from Dr. Horton.

"An ALJ is bound by the opinions of agency medical consultants only insofar as they are supported by evidence in the case record." *Lee v. Barnhart*, No. 03–7025, 2004 WL 2810224, at *3 (10th Cir. Dec. 8, 2004) (citing SSR 96–6P, 1996 WL 374180, at *2 (July 2, 1996)). If an ALJ relies heavily on opinions of agency medical consultants, they must also be supported by the medical evidence. *Id.* By not considering Dr. Horton's prognosis, it is clear that Dr. Scott's opinion is not supported by the medical evidence and thus is overall flawed. Accordingly, on remand the ALJ should consider the evidence on Claimant's ability to persist despite Dr. Scott's flawed finding that Claimant could persist for an eight-hour workday and forty-hour workweek.

**RFC Determination**

Claimant contends that she has well-documented chronic sinusitis which would require her to avoid humidity. As such, Claimant believes the ALJ erred

in not including this limitation in the RFC, which in turn affected the jobs Claimant could perform at step five. Further, Claimant suggests that the ALJ's RFC determination is inadequate because he did not include any limitations on Claimant's ability to follow instructions. Claimant asserts this was in contradiction with a DDS reconsideration opinion concluding that plaintiff had limitations in understanding and remembering detailed instructions. Due to the need for the ALJ to reconsider Dr. Horton's consultative opinion, the ALJ's RFC determination could be affected on reconsideration. Accordingly, the ALJ is directed to re-analyze and reconsider Claimants RFC after reconsidering Dr. Horton's opinion.

### Inconsistency in Occupations and RFC

Claimant contends that the ALJ erred in assigning Claimant jobs, as the Claimant's RFC is more limited than the requirements listed in the Dictionary of Occupational Titles ("DOT") for the jobs assigned. Due to the need for the ALJ to reconsider Dr. Horton's consultative opinion, the ALJ's Step five determination could be affected on reconsideration. As such, the ALJ is directed to re-analyze and reconsider the questions to the VE after reconsidering Dr. Horton's opinion.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED and the case be REMANDED for further proceedings. The parties are herewith given

fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

**DATED** this 13th day of September, 2022.

_____
**JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE**