IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER RENEE WOODALL, <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> **Acting Commissioner of the** <br> **Social Security Administration,** <br><br> Defendant. | Case No. 21-CV-135-JFH-JAR |

## OPINION AND ORDER

Before the Court is a report and recommendation ("R&R") of United States Magistrate Judge Jason A. Robertson reviewing the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny disability benefits to Plaintiff Heather Renee Woodall ("Claimant"). Dkt. No. 25. Magistrate Judge Robertson recommended the Commissioner's denial of benefits be reversed and the case be remanded for further proceedings. *Id.* The Commissioner objects. Dkt. No. 26.

## STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." In the disability benefits context, *de novo* review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart,* 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453

(10th Cir. 1989)).  It is more than a scintilla, but less than a preponderance.  *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007).  On review, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## AUTHORITY AND ANALYSIS

Judge Robertson recommended reversal and remand primarily on the basis that the administrative law judge ("ALJ") improperly picked and chose evidence from consultative examiner Dr. Theresa Horton's report about Claimant.  Dkt. No. 25 at 8.  Specifically, the R&R examined Claimant's arguments "that although the ALJ found consultative examiner[] Dr. Horton's opinion to be generally persuasive, the ALJ did not address Dr. Horton's conclusion that Claimant had persistence problems and requires a lot of encouragement" and that "the ALJ erred in failing to consider Dr. Horton's diagnosis of an unspecified personality disorder with cluster B traits." Dkt. No. 25 at 5.

The ALJ described Dr. Horton's mental status examination findings as "largely normal," with Claimant being "alert, oriented, cooperative, friendly, and appropriately groomed, with goal-directed and normal thought processes, adequate concentration and fund of information, and normal memory and judgment." *Id.* at 7 (quoting Tr. at 29-30).  However, Dr. Horton also described Claimant as having "an unspecified personality disorder with prominent cluster B traits," "problems in the area of persistence" with a seeming need of "a lot of encouragement by history," and "very poor skills to cope with stressors" causing her to be "very easily overwhelmed." *Id.* at 8 (quoting Tr. at 395).  None of this was mentioned in the ALJ's description.

Judge Robertson ultimately agreed with Claimant and recommended reversal and remand, explaining:

2

> The ALJ's analysis of Dr. Horton's opinion indicates that he did not fully consider Dr. Horton's medical opinion and treatment notes. The ALJ stated that he is generally persuaded by [her] opinion . . . [but] used only evidence which was favorable to his position and blatantly ignored evidence in Dr. Horton's opinion favorable to Claimant.

*Id.* at 7 (citation omitted). The Commissioner lodges two objections to this conclusion. First referring to Dr. Horton's personality disorder diagnosis, she argues that "[a] diagnosis is not a medical opinion, and not mentioning a diagnosis does not warrant remand." Dkt. No. 26 at 2. Second, she argues that "[t]he ALJ's assessment of Plaintiff's mental residual functional capacity [("RFC")] was fully consistent with the remainder of Dr. Horton's statement." *Id.* at 3. Additionally, she argues the "other issues raised by Plaintiff do not warrant remand." *Id.* at 5. The Court examines each.

## I. Dr. Horton's Report

The Commissioner cites 20 C.F.R. §§ 404.1513(a) and 404.1520c for her argument that not mentioning a diagnosis does not warrant remand. Section 1513(a) sets out various categories of evidence, including objective medical evidence, medical opinions, and "other medical evidence" defined as "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a). Section 1520c states that "When a medical source provides one or more medical opinions or prior administrative medical findings, [the ALJ] will consider those medical opinions or prior administrative medical findings . . . ." 20 C.F.R. § 404.1520c(a). The Commissioner reads § 1520c's lack of reference to "other medical evidence" as permission to avoid acknowledging such evidence.

3

The Commissioner provides no case law for this argument and the Court does not find it persuasive. Rather, the Court agrees with the District of Colorado, which recently explained that even where portions of a doctor's report constituted "other medical evidence," the ALJ "was required to at the very least note that [the] report contained evidence beyond" what the ALJ used to support a disability assessment. *T.E. v. Comm'r, Soc. Sec. Admin.*, No. 1:21-CV-02274-CNS, 2023 WL 2661615, at *3 (D. Colo. Mar. 28, 2023). In that case, "the ALJ erred in failing to consider *or at least note the existence of* [those] opinions contained in the report when making his RFC assessment, regardless of whether the ALJ may ultimately conclude that they are persuasive or consistent with other medical evidence or medical opinions in the record." *Id.* (emphasis added).[1]

From the R&R, it appears that Judge Robertson considered Dr. Horton's statements and diagnosis to be "medical opinion," presumably because they involved statements about Claimant's "ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. § 404.1513(a)(2)(ii).[2] The Commissioner claims the statements and diagnosis are "other medical evidence" under 20 C.F.R. § 404.1513(a)(3). The Court need not decide whether Dr. Horton's

---

[1] This is consistent with more general Tenth Circuit precedent. It is true that an ALJ is not required to discuss every piece of evidence as long as the record demonstrates that the ALJ considered all the evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, the Tenth Circuit has "repeatedly held that '[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.'" *Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)).

[2] Claimant also claims the diagnosis was medical opinion, but the regulation she cites—20 C.F.R. § 404.1527(a)(1)—does not apply because her claim was filed after March 27, 2017. *See* Dkt. No. 27 at 4; Dkt. No. 14.

4

statements were "medical opinion" or "other medical evidence," as the result is the same either way: the ALJ needed to acknowledge the entirety of Dr. Horton's report—including the part that was helpful to Claimant—and he did not. The Court agrees with Judge Robertson that the ALJ engaged in picking and choosing by failing to reference any portion of Dr. Horton's report regarding Woodall's personality disorder, persistence, or coping skills.

## II.   RFC Determination

The ALJ's mental RFC determination limited Claimant to "simple, routine, and repetitive tasks," found she could "respond to supervision that is simple, direct, and concrete," and found she "can occasionally interact with coworkers but should not interact with the public." Tr. at 26. The Commissioner claims that this RFC is consistent with Dr. Horton's opinions regarding Plaintiff's persistence and that "although the ALJ did not specifically mention Dr. Horton's statement that Plaintiff would have 'problems in the area of persistence,' he took it into account, along with other evidence in the record, when formulating the [RFC]." Dkt. No. 26 at 4.

The Court declines the Commissioner's invitation to "create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007). Post hoc rationalization "would require [the Court] to overstep [its] institutional role and usurp essential functions committed in the first instance to the administrative process." *Id.* at 1208 (quoting *Allen v. Barnart*, 357 F.3d 1140, 1142, 1145 (10th Cir. 2004)). Notably, the Commissioner makes no argument that the RFC was consistent with Dr. Horton's diagnosis of a personality disorder with cluster B traits. Claimant quotes the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition ("DSM-5") that cluster B personality disorders lead to "dramatic, emotional, or erratic" behavior and can "cause clinically significant distress or impairment in social, occupational, or other important areas of

5

functioning." Dkt. No. 27 at 4.  It would overstep the Court's institutional role to examine the significance of this omission, but on remand, the ALJ should make a clear record on the issue.

**III.   Other Issues**

Finally, the Commissioner makes two miscellaneous arguments.  She first says that Judge Robertson's analysis regarding State Agency mental reviewing psychologist Stephen Scott is flawed because it rests on his conclusions about Dr. Horton.  Dkt. No. 26 at 5.  But as the Court stated, it agrees with Judge Robertson's analysis of Dr. Horton's opinions.  Therefore, the Court does not address the Commissioner's argument about Dr. Scott.

Second, the Commissioner asks the Court review two arguments she raised in her opening brief that were not addressed in the R&R.  *Id.*  Judge Robertson did not rule on these arguments because they could become moot once the ALJ reconsiders the medical evidence and the RFC based on that evidence.  Moreover, "an 'objection' that simply refers the District Court back to the original motion papers [is] insufficiently specific to preserve the issue for de novo review." *Vester v. Asset Acceptance, L.L.C.*, No. CIV.A08CV01957MSKLTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009).  *See also God's Storehouse Topeka Church v. United States*, No. 22-4014-DDC-TJJ, 2023 WL 2624318, at *4 (D. Kan. Mar. 24, 2023) ("While review of the Magistrate Judge's R&R is de novo, it is not an opportunity to re-run every argument made to the Magistrate Judge.") (quoting *Sigui v. M + M Commc'ns, Inc.*, 310 F. Supp. 3d 313, 319 (D.R.I. 2018)).

**CONCLUSION**

IT IS THEREFORE ORDERED that the Commissioner's objections to the Magistrate Judge's R&R [Dkt. No. 26] are OVERRULED.  The Court ADOPTS the Magistrate Judge's R&R [Dkt. No. 25], REVERSES the Commissioner's denial of benefits, and REMANDS the case for further administrative proceedings.

6

Dated this 28th day of August 2023.

                                                  JOHN F. HEIL, III
                                                  UNITED STATES DISTRICT JUDGE